IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**MARY THOMPSON**,

        Plaintiff,

v.

**CITY OF TUALATIN**,

        Defendant.

Case No. 3:21-cv-01587-MO

OPINION & ORDER

**MOSMAN, J.,**

    This matter comes before me on Defendant City of Tualatin's motion to dismiss [ECF 10], Plaintiff Mary Thompson's motion to strike [ECF 14], and Thompson's motion to amend [ECF 13]. For the reasons given below, I DENY Thompson's motion to strike, GRANT the City's motion to dismiss, and DENY the motion to amend as moot.

## BACKGROUND

    Thompson brings this action against the City under the Americans with Disabilities Act (ADA). Thompson claims she was employed by the City for 21 years and that the City has discriminated against her on the basis of a perceived disability. Compl. [ECF 2] at 4–5. Though her complaint is unclear as to which regulation she challenges, Thompson appears to take issue with the City's requirement that individuals wear masks indoors to quell the spread of COVID-19. *Id.* at 4, 7. She appears to contend that the City required her to use a mask because it perceived her as having an infectious disease, which Thompson equates to perceiving that she had a disability. *Id.* at 2. Thompson also may have asked for an accommodation, requesting an

1 – OPINION & ORDER

exemption from mask requirements because she has an unnamed disability that limits her ability to breathe and communicate. *Id.* at 6. Thompson claims that she was subjected to discrimination and retaliation. *Id.* at 8.

The basis for Thompson's suit appears to be the City's vaccine mandate. *See id.* at 7–8 (describing the City's vaccination requirement as forced "participation in a clinical study"). The City required all its employees to receive a COVID-19 vaccine or face termination. Mot. to Dismiss [ECF 10] at 2. Thompson did not comply with this requirement and was terminated shortly after initiating this lawsuit. *Id.* at 4.

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(6), dismissal of a complaint is appropriate based on either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

### I. Motion to Strike

Before addressing the City's motion to dismiss, I first take up Thompson's motion to strike. Under Fed. R. Civ. Pro. 12(f), I may strike from a pleading content that is "redundant,

immaterial, impertinent, or scandalous." Thompson asks that I strike all mention from the City's motion to dismiss "that there is any epidemic, pandemic or public health emergency." Mot. to Strike [ECF 14] at 2. She describes the City's assertion that the COVID-19 pandemic "has resulted in countless hospitalizations and deaths" as "bogus" that is "completely unsupported by any *bona fide* actuarial data from any official public records." *Id.* at 2.

Because the COVID-19 pandemic is not "bogus," I decline Thompson's request. *See* World Health Org., *Coronavirus Dashboard*, https://covid19.who.int/ (last accessed March 3, 2022) (confirming nearly 6 million deaths from COVID-19 worldwide); Ctrs. for Disease Control & Prevention, *Excess Deaths Associated with COVID-19*, https://www.cdc.gov/nchs/nvss/vsrr/covid19/excess_deaths.htm (last accessed March 3, 2022) (estimating over one million excess deaths in the United States due to COVID-19); *see also Sidewaters LLC v. Wash. State Dep't of Lab. & Indus.*, 4 F.4th 747, 755 (9th Cir. 2021) (describing COVID-19 as "[a] pandemic which continues to cause widespread disease and death").

### II.  Motion to Dismiss

#### A. Exhaustion

The City moves to dismiss Thompson's claims for failure to exhaust administrative remedies. Mot. to Dismiss [ECF 10] at 5. A plaintiff cannot bring a claim under the ADA until she has exhausted her administrative remedies with the Equal Employment Opportunity Commision or a state affiliate. 42 U.S.C. § 12117(a) (incorporating exhaustion requirement of Title VII claims into the ADA); *Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir. 1995) (discussing Title VII exhaustion requirements). District courts lack subject matter jurisdiction over discrimination claims that have not been presented to the appropriate administrative agency. *Sommatino v. United States*, 255 F.3d 704, 707–08 (9th Cir. 2001).

3 – OPINION & ORDER

In her complaint, Thompson pled that she "has commenced a complaint" against the City with the EEOC, but that "[t]he case is pending." Compl. [ECF 2] at 1–2. Because Thompson has presented the claims to the EEOC, I have subject matter jurisdiction. However, an employee may not file an action in federal district court until she has either received "notice of final agency action" or 180 days have passed since she first filed her complaint. *Bullock v. Berrien*, 688 F.3d 613, 616 (9th Cir. 2012); 29 C.F.R. § 1614.407. Thompson does not meet the former requirement because her EEOC complaint is still pending. And when she initiated this case, Thompson did not meet the second requirement; she filed her EEOC complaint on September 2, 2021, and filed her district court complaint a mere two months later. However, as of March 1, 2022, 180 days have passed since Thompson filed her EEOC complaint. Thus, the City's exhaustion defense is moot.

### B. Thompson's Disability

Next, the City contends that Thompson's ADA claims should be dismissed because she has failed to plead that she has a disability. Mot. to Dismiss [ECF 10] at 6–7. Thompson's complaint mentions two possible disabilities: (1) her perceived disability, that of having a contagious disease, presumably COVID-19 and (2) her actual disability, which limits her "breathing and communications." Compl. [ECF 2] at 6.

As to the first potential disability, Thompson appears to contend that the City perceived her as having a contagious disease because it required her to take precautions against spreading COVID-19. The ADA protects employees who have a physical or mental impairment that limits their major life activities; employees who have had such impairments previously; and employees who are "regarded as having such an impairment." 42 U.S.C. § 12102(1). However, employees cannot bring claims for being regarded as having an impairment that is "transitory and minor,"

meaning "an impairment with an actual or expected duration of 6 months or less." *Id.* § 12102(3)(B). The vast majority of cases of COVID-19 last fewer than 20 days. *See* Ctrs. for Disease Control & Prevention, *Ending Isolation and Precautions for People with COVID-19: Interim Guidance*, https://www.cdc.gov/coronavirus/2019-ncov/hcp/duration-isolation.html (last updated Jan. 14, 2022). Thus, being perceived as having COVID-19 is not a cognizable disability under the ADA. I therefore dismiss Thompson's claims with prejudice inasmuch as she alleges she was discriminated against for being regarded as having COVID-19.

The second disability—that Thompson had difficulty breathing and communicating—is pled with no specificity whatsoever. Nor has Thompson adequately detailed the accommodations that she requested or the City's response. These elements are all essential to an ADA claim. However, without knowing any details surrounding Thompson's disability, how she was discriminated against, how she sought an accommodation, what she sought an accommodation for, or what accommodation the City offered, I cannot say that her pleading "could not possibly be cured by the allegation of other facts." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)). Therefore, out of an abundance of caution and with deference to Thompson's pro se status, I dismiss her claims with leave to amend inasmuch as they relate to her difficulty breathing and communicating.

### III.   Motion to Amend

Thompson's proposed amended complaint is plagued with the same issues I have identified in this opinion with her original complaint. *See* Am. Compl. [ECF 17]. I therefore deny Thompson's motion for leave to amend [ECF 13] as moot.

## CONCLUSION

For the reasons given above, I DENY Thompson's motion to strike [ECF 14], GRANT the City's motion to dismiss [ECF 10], and DENY Thompson's motion to amend [ECF 13] as moot. To the extent that Thompson's claims rely on her disability being that her employer perceived her as having a contagious disease, they are dismissed with prejudice. To the extent that Thompson's claims rely on her disability that diminishes her ability to breathe or communicate, they are dismissed with leave to amend. Thompson shall file her amended complaint within 30 days.

IT IS SO ORDERED.

DATED this \_\_11th\_\_ day of March, 2022.

MICHAEL W. MOSMAN
Senior United States District Judge